### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY WADE, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| -vs- | )   Case No. CIV-07-0666-F |
| | ) |
| JOHN H. TRUE, M.D., | ) |
| | ) |
|        Defendant. | ) |

### ORDER

The complaint, filed June 11, 2007, is before the court. (Doc. no. 1.)

The court has a duty to determine its own jurisdiction. Tuck v. United Services Automobile Association, 859 F.2d 842, 844 (10th Cir. 1988); Rule 12(h)(3), Fed. R. Civ. P. ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). To that end, the court has preliminarily reviewed the allegations which purport to establish jurisdiction.

Although not specifically stated, it appears that the jurisdictional basis for bringing this suit in federal court is diversity of citizenship, 28 U.S.C. §1332(a)(1). In order for the court to exercise diversity of citizenship jurisdiction pursuant to §1332(a)(1), the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs, and the matter must be between citizens of different states. *See*, *id*. As to the former, the complaint demands judgment against defendant for actual damages and exemplary damages "in an amount in excess of ten thousand

dollars ($10,000.00)." Such allegation is insufficient to plead diversity of citizenship jurisdiction.

In addition, the court notes that the complaint alleges that plaintiff "is a resident of Beckham County" and that defendant at all times relevant herein was a resident of Beckham County, and that upon information and belief, defendant "now resides in the state of Montana." *See*, Complaint, ¶¶ 1,2. A plaintiff who seeks to invoke diversity jurisdiction must plead citizenship distinctly and affirmatively. 15 James WM. Moore, Moore's Federal Practice, §102.31 (3d ed. 2006). A complaint that alleges merely residency, rather than citizenship, is insufficient to plead diverse citizenship. *Id*. For purposes of diversity jurisdiction, a natural person is considered to be a citizen of the state in which he is domiciled. *Id*. at §102.34[1]. In the context of diversity jurisdiction, domicile and residence are not necessarily synonymous. *Id*. at §102.34[8].

Accordingly, within 15 days of the date of this order, plaintiff is **DIRECTED** to file an amended complaint setting forth allegations sufficient to support the court's jurisdiction. The court recognizes that, with respect to defendant's citizenship/ domicile, the allegations may be made upon plaintiff's information and belief. The amended complaint shall be served on the defendant with a copy of this order. Failure to comply may be grounds for dismissal of this action.

DATED June 12, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0666p001.wpd